# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

**CLOSED**

| | |
|---|---|
| ASSEM A. ABULKHAIR, | Civil Action No.: 06-2521 (JLL) |
| Plaintiff, | |
| v. | |
| JAY JOSEPH FRIEDRICH, ESQ., | **O P I N I O N & O R D E R** |
| Defendant. | |

**APPEARANCES:**

Assem A. Abulkhair
P.O. Box 2751
Clifton, NJ 07015
    Plaintiff, pro se

**LINARES**, **District Judge:**

    Plaintiff pro se Assem A. Abulkhair seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on his affidavit of indigence, the Court (1) grants Mr. Abulkhair's application to proceed in forma pauperis, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security. 28 U.S.C. § 1915(a).

    Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that Mr. Abulkhair's Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dockets.Justia.com

## I. BACKGROUND

Plaintiff filed a Complaint that was received by the Court on June 5, 2006. The Complaint asserts two grounds for this Court's jurisdiction: federal question and diversity of citizenship. Plaintiff is a resident of Clifton, New Jersey. Defendant is a resident of Ridgewood, New Jersey. Defendant is alleged to have violated 18 U.S.C. § 1001(a)(1)(2)(3) and 18 U.S.C. § 1621.

The following is a synopsis of the facts set forth in the Complaint. For purposes of this section 1915 review, the facts are deemed true. The facts of this case stem from Defendant's legal representation of Plaintiff in 1995 in a claim involving an automobile accident. It appears that a little over a month prior to trial, Plaintiff, appearing pro se in that action, decided to retain Defendant to represent him for trial. Plaintiff informed Defendant that he did not wish to settle and wanted to proceed to trial. Defendant attempted to obtain an adjournment from the trial judge by submitting a substitution of counsel allegedly showing that he had only recently been retained. According to Plaintiff, Defendant changed the retention date on the substitution and committed the above federal violations by submitting it to the Court. Plaintiff asserts that Defendant called him names and acted unprofessionally when the judge would not adjourn the trial. In the end, Plaintiff felt coerced into accepting a settlement because Defendant was not prepared for trial. Although this occurred in 1995, Plaintiff just became aware that he has a basis to seek a remedy in federal court. As such, Plaintiff believes that the statute of limitations must be waived.

## II. STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**III. ANALYSIS**

Because Plaintiff is proceeding pro se, the Court construes his Complaint in the way most favorable to him. Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971). However, even construing the claims liberally in the pro se Plaintiff's favor, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the Court concludes that the Complaint demonstrates that this Court lacks subject matter jurisdiction over this case. Plaintiff cannot establish diversity jurisdiction under 28 U.S.C. § 1332, which grants federal jurisdiction only if the litigants are citizens from different States or involve a citizen of a foreign State. The facts indicate that both parties involved are citizens of New Jersey.

In the absence of diversity, this Court can look to see whether jurisdiction can be asserted on the ground that the Complaint raises a federal question. 28 U.S.C. § 1331. Although Plaintiff alleges that this Court has jurisdiction because the Complaint is premised on violations of Title 18 of the United States Code, the statutory provisions he cites are criminal statutes that have no civil remedy.

18 U.S.C. § 1001 is a federal criminal statute that provides a criminal punishment for submitting a false statement to the federal government. Although this matter was before a state court judge, Plaintiff still does not have standing to assert such a cause of action. "Nothing in that criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements. Only the government may prosecute a defendant for this crime." Daniels v. Am. Postal Worker Union, 167 F. Supp. 2d 999, 1003 (N.D. Ill. 2001). Therefore, the § 1001 claim must be dismissed.

18 U.S.C. § 1621 is also a federal criminal statute, which provides a criminal punishment for perjury. Again, while this alleged perjury occurred in state court, a private plaintiff may not

prosecute such an action. The purpose of the statute is to provide punishment for the wrong done to the court and the administration of justice - not the effect it may have had on the outcome of the trial. State v. Manfredonia, 414 F2d 760 (2d Cir. 1969). Further, unless the statement was made under oath, no violation occurred. A substitution of attorney is not generally made under oath. In any event, Plaintiff does not have standing to prosecute this criminal charge and the § 1621 claim must be dismissed.

Moreover, it is insufficient to merely allege a federal statute as the basis for the Court's jurisdiction. As stated by the United States Supreme Court, "a complaint alleging a violation of a federal statute as an element of a state cause of action . . . does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 817 (1986) (quoting 28 U.S.C. § 1331).

Even having "accept[ed] as true all of the allegations in the complaint and all reasonable inferences that [could] be drawn therefrom, and view[ing] them in the light most favorable to the plaintiff," Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997), there is no basis in fact or law to support a civil cause of action. Furthermore, there is no other discernable federal claim based upon the facts set forth in Plaintiff's Complaint. Since Plaintiff has failed to set forth a basis for this Court's jurisdiction, and for failure to state a claim, his case must be dismissed, without leave to amend.

## IV. CONCLUSION

For the reasons stated herein, it is on this 8th day of June, 2006, hereby

**O R D E R E D** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**O R D E R E D** that the Clerk of the Court shall close the Court's file on this matter.

This case is **CLOSED**.

|  |  |
|---|---|
| DATED: June 8, 2006 | /s/ Jose L. Linares<br>JOSE L. LINARES,<br>UNITED STATES DISTRICT JUDGE |